IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NETTIE QIAN                              *
      Plaintiff,
v.                                       * CIVIL ACTION NO. JKB-14-0061

ENTERPRISE CORPORATION, *et al.*         *
      Defendants.
                    *****

MEMORANDUM

Nettie Qian ("hereinafter referred to as "Qian") who lists a Chicago, Illinois residential address, filed this self-represented action on January 9, 2014, invoking this court's federal question jurisdiction under 28 U.S.C. § 1331. She files suit against Enterprise Corporation (hereinafter referred to as "Enterprise"), a St. Louis, Missouri corporation, for alleged tortious conduct, fraud, and RICO conspiracy. ECF No. 1.

Qian claims that she rented a vehicle from Enterprise in the State of Maryland and thereafter was struck from behind by a truck. She seemingly contends that Enterprise tried to require her to pay insurance, refused her claims for mental and physical pain and suffering, and attempted to charge her credit card $12,000.00. She asserts that the driver of the truck was at fault as he was traveling too close to her vehicle. She accuses Enterprise of fraud, extortion, blackmail, libel, destroying her credit, "failing to make her whole," and abusing federal and state law, and seeks $3,000,000.00 in damages. *Id.* Because she appears indigent, Qian shall be granted leave to proceed in forma pauperis. Her Complaint shall, however, be dismissed for lack of subject matter jurisdiction.

The legal basis for invoking the court's federal question jurisdiction presumably relates to Qian's claim that Enterprise engaged in violations under the Racketeering Influenced Criminal Organization Act ("RICO"), 18 U.S.C. § 1962. No factual basis is made for invoking RICO. In order to succeed on a claim under the RICO, Qian must show, among other things, that Enterprise was involved in a pattern of racketeering activity. Racketeering activity is defined under 18 U.S.C.

§ 1961(1), and includes acts or threats involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical, as well as a number of acts for which individuals may be indicted under the United States Code. A "pattern of racketeering activity" is statutorily defined and "requires at least two acts of racketeering activity, one of which occurred within ten years (excluding any period of imprisonment) after the commission of the prior act of racketeering activity." 18 U.S.C. § 1961(5).

Qian makes no particularized references to the alleged criminal activity. Even assuming Qian has alleged conduct which constituted racketeering activity pursuant to § 1961, which she has not, her RICO claim is deficient because she does not allege facts to show a *pattern* of racketeering activity. To prove a pattern, a plaintiff is required to show that the predicate acts are (1) related and (2) that "they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 339 (1989). Acts are related if they "have the same or similar purposes, results, participants, victims, or methods or commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events. *Id.* at 239-40. The Fourth Circuit has provided some guidance on the continuity element:

> Continuity...refers "either to a closed period of *repeated* conduct, or to past conduct that by its nature projects into the future with a threat of *repetition*." [*H.J. Inc.*, 492 U.S. at 242] (emphasis added). To satisfy the continuity element, a plaintiff must show the predicates themselves amount to, or...otherwise constitute a threat of *continuing* racketeering activity." *Id.* at [240] (emphasis in original). Significantly, "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *Id.* at [242]... Thus, predicate acts must be part of a prolonged criminal endeavor.

*Menasco, Inc. V. Wasserman*, 886 F.2d 681, 683-84 (4th Cir. 1989).

The Fourth Circuit has interpreted the pattern requirement strictly. In *Menasco*, the court noted:

> The pattern requirement in § 1961(5) thus acts to ensure that RICO's extraordinary remedy does not threaten the ordinary run of commercial transactions; that treble damage suits are not brought against isolated offenders for their harassment and settlement value; and that the multiple state and federal laws bearing on transactions such as this one are not eclipsed or preempted.

*Menasco*, 886 F.2d at 683. The court in *Menasco* held that the fraud at issue in that case did not satisfy the pattern requirement where there was a limited purpose to defraud two parties, there was one perpetrator, and the alleged acts took place over the course of one year. *Id.* at 684. The court concluded:

> Clearly, these acts do not constitute "ongoing unlawful activities whose scope and persistence pose a special threat to social well-being." [*Int'l Data Bank Ltd. v.*] *Zepkin*, 812 F.2d [149,] at 155 [4th Cir. 1987)]...If the pattern requirement has any force whatsoever, it is to prevent this type of ordinary commercial fraud from being transformed into a federal RICO claim...If we were to recognize a RICO claim based on the narrow fraud alleged here, the pattern requirement would be rendered meaningless.

*Menasco*, 886 F.2d at 684-85. The RICO aspect of the Complaint is flawed in numerous respects. It does not identify the RICO enterprise, nor does it set out a pattern of racketeering activity. At most, Qian has set out allegations taking issue with Enterprise's handling of her accident claim and the damage to her rented vehicle. Qian's allegations, even when generously considered, do not raise claims under § 1331.

Qian appears to raise common law tort claims of defamation and a contract claim of fraud against Enterprise. Federal district courts are courts of limited original jurisdiction and they do not sit to review every claim involving alleged tortious conduct or fraud. This court has jurisdiction to review such claims only if diversity of citizenship jurisdiction exists. Diversity jurisdiction under 28 U.S.C. § 1332 exists where the parties are diverse *and* the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of

those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

The undersigned observes that Qian is a resident of Illinois and lists Enterprise with a corporate residence of Missouri. She contends that the contractual agreement was made with Enterprise in Maryland. Even assuming Qian may properly invoke diversity jurisdiction in this district under 28 U.S.C. §§ 1332 & 1391(b) & (c), the complaint does not meet federal diversity requirements. It is a firmly established general rule of the federal courts that a plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that a plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. *Id.* In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106, 100 (4th Cir. 1995).

In the instant case, although Qian seeks $3,000,000.00 in damages, her complaint references Enterprise's attempt to charge her $12,000.00. The complaint does not meet the jurisdictional amount of $75,000.00. *See* 28 U.S.C. § 1332(a) (in diversity matter the amount in controversy must exceed the sum or value of $75,000.00). Therefore, the case shall be dismissed pursuant to Rule 12(h)(3). A separate Order shall be entered in accordance with this Memorandum.

Date: January /4, 2014

James K. Bredar
United States District Judge

4